**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

LUZMINA B. RODRIGUEZ, *as temporary*
*administratrix of the Estate of Daniela Ramos*
*Garcia, Jocelyn Theresa Ramos Garcia and*
*Deisy Aracely Garcia Alvarado*,

                          Plaintiff,

       -against-

THE CITY OF NEW YORK,

                         Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

**CV-16-00214 (ENV) (ST)**

**TISCIONE, United States Magistrate Judge:**

By letter motion dated May 6, 2016, Defendant City of New York moves to strike more

than two hundred paragraphs of Plaintiff's amended complaint pursuant to Federal Rule of Civil

Procedure 12(f). Specifically, Defendant contends that the offending paragraphs are immaterial

as a matter of law because they are verbatim copies of allegations made in the complaint of a

separate lawsuit that has yet to be adjudicated (Padilla Torres v. City of New York, 13-CV-76

(MKB)). Plaintiff opposes the motion on the ground that the allegations are relevant to her claim

for municipal liability under Monell v. Department of Social Services of City of New York, 436

U.S. 658 (1978), which requires proof of a pattern of discrimination by the City of New York.

For the reasons set forth below, the motion to strike is denied.

"Motions to strike allegations in pleadings are generally disfavored . . . ." M'Baye v.

World Boxing Ass'n, 2007 WL 844552, at *4 (S.D.N.Y. Mar. 21, 2007). Indeed, the Second

Circuit has cautioned that "courts should not tamper with the pleadings unless there is a strong

reason for so doing." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976).

Thus, to prevail on a Rule 12(f) motion to strike, "a party must demonstrate that (1) no evidence

in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." HSN Nordbank AG v. RBS Holdings USA Inc., 2015 WL 1307189, at *3 (S.D.N.Y. Mar. 23, 2015) (citation and internal quotation marks omitted).

Defendant argues that "it is well settled under Second Circuit law that allegations in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f)." Def. Mot. at 2. In support of this argument, Defendant relies principally on Low v. Robb, 2012 WL 173472, *9 (S.D.N.Y. Jan. 20, 2012) and RSM Prod. Corp. v. Fridman, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009). These cases, however, rely on a strained reading of the Second Circuit's decision in Lipsky that has since been rejected. See, e.g., HSN Nordbank, 2015 WL 1307189, at *3 ("Although 'some courts in this district have stretched the holding in Lipsky to mean that any portion of a pleading that relies on unadjudicated allegations in another complaint is immaterial under Rule 12(f) [,] [n]either Circuit precedent nor logic supports such an absolute rule.'") (quoting In re Bear Stearns Mortgage Pass-Through Certificates Litig., 851 F. Supp. 2d 746, 768 n.24 (S.D.N.Y. 2012)).

The underlying rationale for a blanket prohibition on references to unadjudicated claims is even more tenuous where, as here, one of the purposes of including such allegations is to demonstrate knowledge of and failure to correct a widespread policy or practice. The District Court's decision in In re OSG Sec. Litig., 12 F. Supp. 3d 619 (S.D.N.Y. 2014) is particularly instructive on this issue:

> Defendants point out that some district courts in this Circuit have adopted the broad rule that a complaint may never reference allegations from a separate proceeding that has not been decided on the merits. However, no Second Circuit precedent indicates such a broad rule. In 1976, in Lipsky v. Commonwealth United

Corporation, the Second Circuit held that "neither a complaint nor references to a complaint which results in a consent judgment may properly be cited in the pleadings under the facts of this case." However, Lipsky relied on the fact that Federal Rule of Evidence ("FRE") 410 "prohibits a plea of nolo contendere from being later used against the party who so pleaded," and noted that "nolo pleas have been equated with consent decrees" for purposes of the provision at issue. Because the consent decree could not be used as evidence in a subsequent lawsuit, the court reasoned that the complaint from that action was also immaterial under Federal Rule of Civil Procedure 12(f).

However, Lipsky emphasized the general rule that motions to strike pleadings as immaterial should be denied "unless it can be shown that no evidence in support of the allegation would be admissible." Lipsky did not hold that a complaint may never reference allegations from a separate proceeding under any circumstances. Instead, its holding was limited to complaints that ultimately resulted in a consent decree or nolo contendere plea protected by FRE 410.

The Second Circuit later clarified in United States v. Gilbert that civil settlements and consent decrees are governed by FRE 410, not FRE 408. While settlements are inadmissible as evidence of liability, they are admissible for other purposes, including proof of knowledge. It follows that reference to the complaints or allegations in such actions would be permissible for the same reasons. Thus, it would make little sense to strike references to pleadings in ongoing actions, which do not trigger the protections or policy concerns of FRE 410 or FRE 408.

Id. at 620-21 (citations and footnotes omitted).

Notably, none of the cases relied upon by Defendant discuss a motion to strike in the context of a claim for municipal liability.[1] It is unclear whether even courts that have followed a

---

[1] Morris v. City of New York, 2013 WL 5781672, at *1 (E.D.N.Y. Oct. 28, 2013) is inapposite, as it involved a motion for summary judgment, not a motion to strike or even a motion to dismiss for failure to state a claim. Obviously, the standard of review and burden is far different at this stage of the litigation, particularly given the heightened requirements of Rule 12(f) and the general reluctance of courts to tamper with the pleadings unless necessary. Collins v. City of New York, 923 F. Supp. 2d 462, 478-79 (E.D.N.Y. 2013), while at least addressing the sufficiency of the complaint at the pleading stage, does not support Defendant's position here. While noting that a "litany of other police-misconduct" cases discussed in plaintiff's complaint were insufficient to establish Monell liability for failure to train, this conclusion was based on the Court's belief that the nature of those other allegations was sufficiently different from the allegations in plaintiff's complaint that no plausible inference could be drawn from them. There was no suggestion in Collins that the mere citation to other cases was improper or that the complaint was insufficient merely because it relied on complaints from other matters. In fact, Judge Block ultimately denied the motion to dismiss plaintiff's Monell claim in Collins because

broad reading of the Second Circuit's decision in Lipsky would apply a blanket prohibition on references to other actions where the complaint must plead sufficient facts to establish an official policy, a pattern of conduct, or other evidence from which discriminatory intent can be inferred beyond a simple failure by the police in a single case. Cf., Carmichael v. City of New York, 34 F. Supp. 3d 252, 262 (E.D.N.Y. 2014) (examining the evidence required to sustain a Monell claim based on plaintiff's allegation of a widespread, racially discriminatory practice by the NYPD).

Indeed, several courts in this district have specifically upheld Monell claims in the face of motions to dismiss by the municipal defendants precisely because the complaints contained allegations of similar incidents from other lawsuits or settlements. See Osterhoudt v. City of New York, 2012 WL 4481927, at *1 (E.D.N.Y. Sept. 27, 2012) (in holding that plaintiff's section 1983 complaint was sufficient to state a claim for municipal liability where it cited a number of complaints in other cases to support the inference of a widespread departmental policy, Judge Dearie reasoned that "[m]ere allegations have little, if any, probative force and by themselves would hardly prevent summary judgment. But in the context of Rule 12, where plausibility is in issue, it is hard to ignore these cases, which suggest that the conduct complained of is not limited to the four corners of [Plaintiff's] complaint."); Ferrari v. County of Suffolk,

_____

one of the other lawsuits referenced in plaintiff's complaint involved "analogous misconduct during the relevant time frame," which, combined with other allegations in the complaint, raised a plausible inference that the type of misconduct that led to plaintiff's arrest "was endemic within the NYPD" and that the City's failure to take action in response to the problem "was the result of deliberate indifference." Id. at 479. Defendant's reliance on Strauss v. City of Chicago, 760 F.2d 765, 768-69 (7th Cir. 1985) is similarly misplaced, as Strauss simply held that statistical summaries of complaints filed with the police department, "without more," were insufficient to state a claim for discrimination. The complaint in this case does not cite mere statistical summaries – it makes specific factual allegations of other incidents involving the Defendant's alleged failure to provide translation services to non-English speaking victims.

790 F.Supp. 2d 34, 46 (E.D.N.Y. 2011) (holding that plaintiff adequately pled <u>Monell</u> liability for failure to train hearing officers, in part, by referencing two other lawsuits involving similar violations, which raised a plausible inference of a widespread practice or informal custom by the municipal defendant).

In short, the Court finds unpersuasive Defendant's contention that allegations in a complaint referencing or relying on complaints in other actions are necessarily immaterial for purposes of a motion to strike under Rule 12(f). As Judge Scheindlin explained in <u>In re OSG Sec. Litig.</u>, "[w]hile allegations from another lawsuit are not evidence and cannot be 'introduced in a later trial for collateral estoppel purposes,' plaintiff[] need not provide admissible proof at this stage. The Federal Rules of Civil Procedure permit discovery on relevant matters that appear 'reasonably calculated to lead to the discovery of admissible evidence.'" <u>In re OSG Sec. Litig.</u>, 12 F. Supp. 3d at 622 (citation omitted). A review of Plaintiff's amended complaint in this matter reveals that the paragraphs Defendant seeks to strike directly relate to Plaintiff's claim under <u>Monell</u> that the City failed to provide meaningful access to language translation services for individuals with limited English proficiency at crucial times. Thus, while the allegations themselves may not be admissible evidence, investigation and discovery on these claims may well lead to admissible evidence establishing Defendant's alleged pattern and practice of discrimination. At the very least, Defendant has failed to sustain its burden under Rule 12(f) to demonstrate that no evidence in support of the allegations would be admissible and that the allegations have no bearing on the relevant issues.

Defendant has also failed to demonstrate prejudice. The only prejudice identified by Defendant is an unsubstantiated claim that incorporating the allegations from another complaint serves no purpose other than to inflame the reader. Since the allegations were already publicly

filed in the <u>Padilla Torres</u> case, it is unclear how repeating them in the instant complaint unfairly prejudices the Defendant. Moreover, as explained above, the allegations do, in fact, serve a legitimate purpose. Specifically, the allegations support Plaintiff's claim for municipal liability under <u>Monell</u>.

Given the clear relevance of the incorporated allegations and Defendant's failure to meet the requirements to prevail on a motion to strike, Defendant's motion is denied.

**SO ORDERED.**

_____/s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
      June 13, 2016